UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER SQUITIERI et al,**
 **Plaintiffs,**

V.                   8:19-cv-00906-JSM-AAS

**PASCO COUNTY SHERIFF CHRISTOPHER NOCCO et al,**
 **Defendants.**         /

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY INJUNCTION, TEMPORARY RESTRAINING ORDER AND PRELINARY INJUNCTION**

COMES NOW Plaintiffs, CHRISTOPHER J. SQUITIERI, JOHN HORNING, ANTHONY PEARN, JAMES STEFFENS, CHRISTOPHER STARNES, CHERYL HAZELTON, NIKOLAUS KRIZ, AARON ZIEGLER, SHANE METZLER, ROYCE RODGERS, CLIFF BALTZER, SEAN GIBSON, BRYAN SIKES, EDWARD LAPE, BRANDON MARCHIONE, DEAN MARIANI, RICHARDBYNUM, CHARLES KEPPEL JR, NICHOLAS SCRIMA and BRIAN KOZERA (collectively "Plaintiffs"), by and through their undersigned counsel, and moves this Court pursuant to Rules 65(a) and 65(b) of the Federal Rules of Civil Procedure for a preliminary injunction and temporary restraining order against Defendant, Pasco County Sheriff CHRISTOPHER NOCCO and anyone on his behalf, both directly and indirectly. As grounds therefore, Plaintiffs state as follows:

1. On April 16, 2019, Plaintiffs filed a Federal Civil RICO Complaint against fifteen (15) of the named Defendants in this case, including Defendant, Pasco County Sheriff CHRISTOPHER NOCCO. See Dkt.11.[1]

---

[1] References to court filings on this case will be denoted as "Dkt.___" and the appropriate docket number.

2. On June 20, 2019, Plaintiffs filed an Amended Complaint against all the named Defendants in this case, including Defendant, Pasco County Sheriff CHRISTOPHER NOCCO. See Dkt. 7.

3. On July 10, 2019, Plaintiffs effectuated service of process on forty four (44) of the forty five (45) named Defendants. Defendant, RICHARD BAIN was the only Defendant that service of process was not effectuated on.[2] See Dkt.'s 59-103.

4. Since this suit was filed on April 16, 2019, Pasco Sheriff's Office deputies, under the supervision of Defendant, Pasco County Sheriff CHRISTOPHER NOCCO, have been retaliating against Plaintiffs, violating civil rights and causing mental and physical injuries. See the following instants:

### A.   PLAINTIFF NIKOLAUS KRIZ

5. On July 12, 2019, Plaintiff, NIKOLAUS KRIZ was approached by a woman while swimming in the pool at his subdivision clubhouse.

6. The woman accused Plaintiff, NIKOLAUS KRIZ of not liking the Home Owner Association President.

7. The woman left the pool area for approximately ten (10) minutes before returning.

8. Not long after the woman returned, a Pasco Sheriff's Deputy arrived and ordered Plaintiff, NIKOLAUS KRIZ to get out of the pool.

9. Plaintiff, NIKOLAUS KRIZ complied with the Deputy's order and got out of the pool.

10. The Deputy advised Plaintiff, NIKOLAUS KRIZ that he was being trespassed from the pool area of his subdivision by the Homeowners Association.

11. Plaintiff, NIKOLAUS KRIZ advised the Deputy that he owned a home in the subdivision and had done nothing wrong to warrant being trespassed from the pool area of his

---

[2] Bain could not be located to effectuate service of process.

subdivision but he complied with the Deputy's order, gathered his belongings and left the pool area.

12. Plaintiff, NIKOLAUS KRIZ was walking home from the pool when the Deputy quickly walked up behind him and snatched him back with excessive force.

13. As the Deputy grabbed Plaintiff, NIKOLAUS KRIZ the Deputy yelled that he was under arrest for trespassing after warning, even though the Plaintiff had left the pool area as the Deputy had ordered him to.

14. The Deputy used an escalated use of force and a pain compliance technique against Plaintiff, NIKOLAUS KRIZ, without warrant, as the Plaintiff had been compliant and obliging to the Deputy's orders. (Please see "Exhibit A.")

15. The Deputy then forcefully pushed Plaintiff, NIKOLAUS KRIZ into the side of his cruiser, which is not proper procedure for a compliant suspect, before searching him and placing him in the backseat.

16. During transport to the Pasco County Jail the Deputy called Defendant, Lieutenant CLINTON CABBAGE who ordered him to return Plaintiff, NIKOLAUS KRIZ back to his residence.

17. Defendant, Lieutenant CLINTON CABBAGE later advised Plaintiff, NIKOLAUS KRIZ that the Homeowners Association could not legally have him trespassed from the pool area of his subdivision.

18. Defendant, Lieutenant CLINTON CABBAGE was one of the Defendants named in the Amended Complaint who retaliated against Plaintiff, NIKOLAUS KRIZ and had him wrongfully baker acted.

19. It is also important to note that the Deputy that came and arrested Plaintiff, NIKOLAUS KRIZ was under the supervision of Defendant, CLINTON CABBAGE and is part of Pasco Sheriff's Office's STAR team which is part of the Intelligence Led policing division used to harass and intimidate prolific offenders until they are either arrested or flee the county.

20. Plaintiff, NIKOLAUS KRIZ believes this was a calculated incident by the Defendant, CHRISTOPHER NOCCO and his staff, to intimidate and harass him.

### B. PLAINTIFF BRIAN KOZERA

21. Plaintiff, BRIAN KOZERA was joined this suit on June 20, 2019.

22. On June 22, 2019 Plaintiff, BRIAN KOZERA received a text message from his wife around 10:00 pm and again at about 12:00 am stating that the Pasco Sheriff's Office helicopter was flying over their home and property in a remote area of Pasco County, FL.

23. Since having joined this suit less than one month ago, Pasco Sheriff's Office has flown their helicopter over Plaintiff, BRIAN KOZERA's remote property in Pasco County at least four (4) times and at all hours of the night.

24. Plaintiff, BRIAN KOZERA believes that Defendant, CHRISTOPHER NOCCO and his staff are flying over his property in an attempt to intimidate and harass him and his family.

25. Helicopters have been used by Defendant, CHRISTOPHER NOCCO and his staff on other occasions to intimidate, terrorize and harass USF students working at the Pasco County Body Farm by flying at a low altitude while students were trying to work.[3]

### C. PLAINTIFF CHERYL HAZELTON

26. Plaintiff, CHERYL HAZELTON has been harassed and intimidated by Defendants to the point that she moved out of state and concealed her location in fear for her life.

---

[3] Sheriff Nocco also has signs posted up around the Body Farm to prevent the media from recording anything without written consent. **See Exhibit B**

27. Pasco Sheriff's Deputies had even showed up at Plaintiff, CHERYL HAZELTON's home in Pinellas County, FL to harass and intimidate her before she fled the state.

28. Defendants continue to issue subpoenas to Plaintiff, CHERYL HAZELTON for cases that she has no connection to.

29. Plaintiff, CHERYL HAZELTON believes that the Defendants are issuing the subpoenas in an attempt to locate her as well as to continue intimidating and harassing her across state lines.

## II. ARGUMENT

In order to obtain a temporary restraining order or preliminary injunction, a Plaintiff must establish a substantial likelihood of success on the merits, that it will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause a Defendant, and that the injunction will not be adverse to the public interest. *U.S. v. Florida*, 870 F. Supp. 2d 1346, 1348 (N.D. Fla. 2012) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). None of these factors is controlling however, the Court "must instead consider these elements and the strength of the showing made as to each of them together, and a strong showing of (for instance) likelihood of success on the merits may compensate for a relatively weak showing of public interest." *See Fla. Med. Ass'n, Inc.* v. *U.S. Dep't of Health, Educ., & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979).

### A. Plaintiffs Are Likely to Succeed on the Merits.

The showing of a substantial likelihood of success on the merits is generally the most important prerequisite to obtaining temporary injunctive relief and only requires a showing of *likely* or probable, rather than *certain,* success. Schindler v. Schiavo, 403 F.3d 1232(11th Cir. 2005). A movant must only show a substantial likelihood of success on one of its claims to

obtain relief. See id. "Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction" as it is inappropriate "to allow the government to use the product of a tainted procedure." Alabama-Tombigbee Rivers Coalition v. Department of Interior, 26 E3d 1103, 1107 (11th Cir. 1994).

Plaintiffs and the public will be harmed if an injunction is not granted. Plaintiffs oppose Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly, actions of continuing the RICO activity against them and the citizen of Pasco County Florida while this suit is pending in this Court. Thus, causing Plaintiffs to be subjected to tampering with a witness, tampering with a victim, illegal retaliatory false arrest, false imprisonment, kidnapping, physical injuries, mental injuries, harassment and fear of being harassed and physically abused in retaliation for being a Plaintiff in this suit. **See Exhibit B-photographs for the incident of Kriz and his injuries.**

### B.     Plaintiff Will Suffer Irreparable Harm.

Unless a Temporary Restraining Order is granted, Plaintiffs and the public, face imminent threats and injuries of their person and Constitutional Rights. Due to Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly, attempting to have this suit terminated through RICO activity of tampering with a witness, tampering with a victim, illegal retaliatory false arrest, false imprisonment, kidnapping, physical injuries, mental injuries, harassment and fear of being harassed and physically abused. Absent injunctive relief, irreparable harm to the Plaintiffs and the public is imminent.

### C.     The Balance of Harm Supports Entry of Injunctive Relief.

The balance of harm supports injunctive relief as Plaintiffs and the public will be imminently harmed if Defendant, Sheriff NOCCO and anyone on his behalf, both directly and

indirectly, are allowed to continue its illegal RICO conduct of violating Plaintiffs and the public's rights and causing injuries. See **Exhibit B**

### D. Entry of the Relief Would Serve the Public Interest.

A Temporary Restraining Order serves the public's interest since Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly, will have to comply with the law. "There is generally no public interest in the perpetuation of unlawful agency action… To the contrary, there is a substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations.'" League of Woman Voters, 838 F.3d 12 (11th Cir. 2016).

Next, the public interest is to prevent the violations of rights and injuries caused by Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly. Allowing Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly, to continue its violations of the public's rights and causing injuries is in direct conflict with the public's interest. Absent injunctive relief there is the very real reality that one of the Plaintiffs could be fatally injured by Defendant, Sheriff NOCCO and anyone on his behalf, both directly and indirectly.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court enter a temporary restraining order and preliminary injunction enjoining Defendant, Sheriff NOCCO, his parties, officers, agents, servants, employees, and attorneys; all persons acting in active concert or participation with Defendant, Sheriff NOCCO, or under any of Defendant, Sheriff NOCCO's supervision, direction, or control; or grant any other injunctive relief the Court deems necessary and appropriate.

**McGUIRE LAW OFFICES, P.A.**
1173 N.E. Cleveland Street

Clearwater, FL 33755
[727] 446-7659 fax: [727] 446-0905

*[signature]*

_____
John F. McGuire, Esq.
Florida bar No.: 0000401
McGuire Law Offices, P.A.
1173 NE Cleveland Street
Clearwater, Fl 33755
(P) 727-446-7659
(F) 727-446-0905
mlawoff1@tampabay.rr.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 15th day of July, 2019, l mailed a copy of this Motion for Injunctive Relief to Defendant, Sheriff NOCCO's counsel of record by U.S. Mail with first-class postage affixed to a sealed envelope addressed to the following:

David J. Stefany
Allen Norton & Blue, P.A.
324 South Hyde Park Ave, Ste 225
Tampa, FL 33606
813-251-1210

**McGUIRE LAW OFFICES, P.A.**
1173 N.E. Cleveland Street
Clearwater, FL 33755
mlorm@tampabay.rr.com
ruth.gray@tampabay.rr.com
mlawoff1@tampabay.rr.com
[727] 446-7659 fax: [727] 446-0905

*[signature]*

_____
John F. McGuire, Esquire
FBN: 0000401
Counsel for Plaintiffs