UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. SQUITIERI, et al.,

    Plaintiffs,

v.                                                    Case No: 8:19–cv–906–T–36AAS

CHRISTOPHER NOCCO, et al.,

    Defendants.
_____/

# **O R D E R**

This cause comes before the Court on Plaintiffs' Emergency Motion for Temporary Injunction, Temporary Restraining Order and Preliminary Injunction (the "Motion"). (Doc. 104). The Court, having considered the Motion and being fully advised in the premises, will deny the Motion.

**I.    Background**

    **A.  Procedural History**

Twenty former employees of the Pasco County Sherriff's office (collectively, "Plaintiffs") sue forty-five individuals employed by the Pasco County Sherriff's office (collectively, "Defendants") in their official and individual capacities. *See generally* Doc. 7. As currently pleaded, Plaintiffs' operative, amended complaint (the "Complaint") alleges two claims against Defendants: (1) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c); and (2) violation of Chapter 985 of the Florida Statutes, which addresses juvenile delinquency.[1] *Id.* at ¶¶ 799–802. Over the course of two hundred twenty-eight pages and eight

---

[1] While Plaintiffs seemingly intended to bring an action under the Florida Racketeer Influenced and Corrupt Organization Act ("Florida RICO"), Fla. Stat. § 895 *et seq.*, Count II of Plaintiffs'

hundred two paragraphs, Plaintiffs seek to establish "civil violations that constitute Civil RICO claims" against Plaintiffs by Defendants and detail Plaintiffs' purported "individual experiences of intimidation, coercion, extortion, and other unethical behavior by their supervisors" at the Pasco County Sherriff's office. *Id.* at 5. Plaintiffs bring their claims individually and on behalf of a class. *Id.* at 3. Following Plaintiffs' filing of the Complaint on June 20, 2019, (Doc. 7), attorneys representing all Defendants, except Defendant Richard Bain ("Defendant Bain"), filed notices of appearances on July 10, 2019 (Docs. 57, 58). Plaintiffs effectuated service on all Defendants through their attorneys, except Defendant Richard Bain, on the same day. (Docs. 59–103). Defendant Bain has not yet appeared in this action.

### B. The Motion

Plaintiff filed the Motion on July 15, 2019.[2] (Doc. 104). Through the Motion, Plaintiffs move the Court for a temporary restraining order and preliminary injunction enjoining Defendant Pasco County Sherriff Christopher Nocco ("Defendant Nocco"), "his parties, officers, agents, servants, employees, and attorneys; all persons acting in active concert or participation with [Defendant Nocco], or under any of [Defendant Nocco's] supervision, direction, or control; or grant any other injunctive relief the Court deems necessary or appropriate." *Id.* at 7. Plaintiff asserts

---

Complaint clearly cites Chapter 985 of the Florida Statutes. (Doc. 7 at 225). To the extent that Plaintiffs intended to bring a different claim, Plaintiffs' Complaint may need to be amended.

[2] The Court takes this opportunity to note Plaintiffs' designation of the motion as an "emergency" motion. (Doc. 104). Plaintiffs should be mindful that the Court takes the designation of motions as "emergency" motions most seriously. The Local Rules caution, "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Local R. M.D. Fla. 3.01(e). Examples of an "emergency" include "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Onward Healthcare, Inc. v. Runnels*, No. 6:12–cv–508–Orl–37KRS, 2012 WL 1259074, at *2 n.3 (M.D. Fla. Apr. 13, 2012). The mislabeling of future motions as "emergency" motions may result in sanctions.

2

that Pasco County Sherriff's office deputies, under Defendant Nocco's supervision, have retaliated against Plaintiffs, violating their civil rights and causing both mental and physical injuries, since Plaintiffs initiated the lawsuit. *Id.* at 2. To illustrate such conduct and establish why Plaintiffs are entitled to a temporary restraining order and preliminary injunction, Plaintiffs rely on purported harm suffered by three individuals: Plaintiff Nikolaus Kriz ("Plaintiff Kriz"), Plaintiff Brian Kozera ("Plaintiff Kozera"), and Plaintiff Cheryl Hazelton ("Plaintiff Hazelton"). *Id.* at 2–5. The Court will briefly address these assertions.

According to the Motion, an unidentified deputy from the Pasco County Sherriff's office approached Plaintiff Kriz while he was swimming in the clubhouse's pool at his subdivision and ordered him to get out of the pool on July 12, 2019. *Id.* at 2. After Plaintiff Kriz complied with the deputy's order, the deputy advised him that the subdivision's homeowners association was trespassing him from the pool area of his subdivision. *Id.* Plaintiff Kriz reportedly advised the deputy that "he owned a home in the subdivision and had done nothing wrong to warrant being trespassed from the pool," but he nonetheless "complied with the [d]eputy's order, gathered his belongings[,] and left the pool area." *Id.* at 3. As Plaintiff Kriz returned to his residence from the pool area, the deputy grabbed Plaintiff Kriz "with excessive force" and advised Plaintiff Kriz "that he was under arrest for trespassing after warning," even though Plaintiff had left the pool area. *Id.* During this interaction, the deputy apparently utilized an unwarranted "escalated use of force and a pain compliance technique" against Plaintiff Kriz and pushed him into the side of the deputy's police cruiser before searching him and placing him in the cruiser's backseat. *Id.* Several pictures depicting a police officer restraining, or otherwise attempting to restrain, an individual are included

as an exhibit.[3] *Id.* at Ex. A. Similarly, several pictures of an individual's arm and wrist are also included in the exhibit. *Id.*

As the deputy transported Plaintiff Kriz to the Pasco County Jail, Defendant Lieutenant Clinton Cabbage ("Defendant Cabbage") ordered the deputy to return Plaintiff Kriz to his residence. *Id.* Defendant Cabbage is allegedly one of the individuals who wrongfully had Plaintiff Kriz institutionalized under Florida's Baker Act, Fla. Stat. § 394 *et seq.*, in retaliation for filing internal affairs complaints against two Pasco County Sherriff's office employees following their sexual relationships with Plaintiff Kriz's wife. *Id.*; (Doc. 7 ¶307). The Motion contends the July 12, 2019 incident between Plaintiff Kriz and the unidentified Pasco County Sherriff's deputy constituted "a calculated incident" by Defendant Nocco and his staff to harass and intimidate Plaintiff Kriz. (Doc. 104 at 4).

Next, Plaintiffs contend that the Pasco County Sherriff's office has flown a police helicopter over Plaintiff Kozera's property in Pasco County "at least four (4) times and at all hours of the night" since he joined this lawsuit approximately one month ago. *Id.* Two of these instances allegedly occurred on June 22, 2019, when Plaintiff Kozera's wife sent text messages to him on two separate occasions at night to inform him that the Pasco County Sheriff's office was flying a helicopter "over their home and property" in Pasco County. *Id.* According to the Motion, Plaintiff Kozera believes that "Defendant Nocco and his staff are flying over his property in an attempt to intimidate and harass him and his family." *Id.*

Plaintiffs further assert that Defendants "continue to issue subpoenas" to Plaintiff Hazelton for cases to which she has no connection. *Id.* at 5. Defendants' purported harassment and intimidation of Plaintiff Hazelton resulted in her move to another state and concealment of her

---

[3] The Court notes that some of these pictures appear to be identical. (Doc. 104 at Ex. A).

location. *Id.* at 4. Prior to her move, however, Defendants allegedly harassed and intimidated Plaintiff Hazelton at her home in Pinellas County, Florida. *Id.* at 5. According to the Motion, Plaintiff Hazelton believes that Defendants are continuously issuing subpoenas to her in an effort to locate, intimidate, and harass her. *Id.*

Finally, the Motion concludes by arguing Plaintiffs are likely to succeed on the merits, Plaintiffs will suffer irreparable harm, the balance of the harm supports the entry of injunctive relief, and the Court's entry of injunctive relief would serve the public interest. *Id.* at 5–7.

## II. Legal Standard

The Court may enter a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 65. "The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2001) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). To obtain a temporary restraining order or preliminary injunction, the movant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, the court may issue a temporary restraining order or preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

For temporary restraining orders, however, the Court must consider whether the party moving for a temporary restraining order has shown sufficient justification for failing to provide

notice to the adversarial party. *Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. 8:18–cv–2147–T–33SPF, 2018 WL 4103560, at *1 (M.D. Fla. Aug. 29, 2018). Pursuant to the Federal Rules of Civil Procedure, the Court may grant a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A party must strictly comply with these requirements to obtain *ex parte* relief. *Tempur-Pedic N. Am., LLC*, 2018 WL 4103560, at *1. Relatedly, the Local Rules require the supporting allegations of specific facts in the accompanying affidavits or verified complaint to demonstrate that the threatening, irreparable injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible . . . ." Local R. M.D. Fla. 4.05(b)(2).

> Pursuant to the Local Rules, a motion for a temporary restraining order should also:
>
> (i) describe precisely the conduct sought to be enjoined;
>
> (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c) [of the Federal Rules of Civil Procedure];
>
> (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d); and
>
> (iv) [] contain or be accompanied by a supporting legal memorandum or brief.

*Id.* at 4.05(b)(3). Such memorandum or brief must address the following issues: "(i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that

might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any." *Id.* at 4.05(b)(4).

The Court may issue a preliminary injunction, on the other hand, only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1); Local R. M.D. Fla. 4.06(a). The party seeking a preliminary injunction must "fully comply" with the procedural requirements pertaining to temporary restraining orders in Rule 4.05(b)(1)–(5). *Id.* 4.06(b)(1). The Court has denied requests for preliminary injunctions when these procedural requirements are not met. *See*, *e.g.*, *Julian v. Exlites Holdings Int'l, Inc.*, No. 8:16–cv–2774–T–36AEP, 2017 WL 2869653, at *2 (M.D. Fla. Jan. 17, 2017).

**III.    Analysis**

Plaintiffs seek a temporary restraining order and preliminary injunction "enjoining [Defendant Nocco], his parties, officers, agents, servants, employees, and attorneys; all persons acting in active concert or participation with [Defendant Nocco], or under any of [Defendant Nocco's] supervision, direction, or control . . . ." (Doc. 104 at 7). The Motion contains an abridged version of this request on its first page, stating Plaintiffs request a temporary restraining order and preliminary injunction against "[Defendant Nocco] and anyone acting on his behalf, both directly and indirectly." *Id.* at 1. Thus, notwithstanding the title of the Motion, the Motion clearly indicates that Plaintiffs seek a temporary restraining order and preliminary injunction. Furthermore, the Motion's representations regarding Plaintiff Kriz, Plaintiff Kozera, and Plaintiff Hazelton consistently mention the conduct of "Defendants" or Defendant Nocco "and his staff." *Id.* at 3–5. Similarly, the Motion's arguments for Plaintiffs' entitlement to a temporary restraining order and preliminary injunction are replete with references to Defendant Nocco "and anyone acting on his behalf, both directly and indirectly." *Id.* at 6–7. The lawsuit is directed at the actions of Defendants,

7

who are individuals employed by the Pasco County Sherriff's office and thus under the direction, directly or indirectly, of Defendant Nocco. Accordingly, the Court construes the Motion's request for relief as a request for a temporary restraining order and preliminary injunction against all Defendants, not merely Defendant Nocco.

Next, Defendant Bain has yet to appear in this action, and the record is devoid of any indication that Plaintiffs provided Defendant Bain with notice of their Motion. Thus, Plaintiffs request the Court's issuance of a temporary restraining order without notice to Defendant Bain. However, Plaintiffs have not offered specific facts in a verified complaint or an affidavit "clearly show[ing] that immediate and irreparable injury, loss, or damage will result" to Plaintiffs before Defendant Bain can be heard in opposition, Fed. R. Civ. P. 65(b)(1), or that the threatening, irreparable injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible," Local R. M.D. Fla. 4.05(b)(2). Indeed, the Complaint is not a verified complaint and the record lacks any such affidavits. The absence of any certification in writing by Plaintiffs' attorney regarding the efforts made to provide Defendant Bain with notice and the reasons why the Court should not require such notice further highlights Plaintiffs' noncompliance with Rule 65(b)(1). While the Motion mentions that Defendant Bain "could not be located to effectuate service of process," this representation is clearly insufficient to satisfy the stringent requirements of Rule 65(b)(1). (Doc. 104 at 2 n.2).

The Motion also violates several of the Local Rules' procedural requirements for motions requesting temporary restraining orders. First, the Motion does not "describe precisely" the conduct that Plaintiffs seek to enjoin. Local R. M.D. Fla. 4.05(b)(3). Instead, the Motion broadly requests the Court to enter an order "enjoining [Defendant Nocco], his parties, officers, agents, servants, employees, and attorneys; all persons acting in active concert or participation with

8

[Defendant Nocco], or under any of [Defendant Nocco's] supervision, direction, or control; or . . . any other injunctive relief the Court deems necessary and appropriate." *Id.* at 7. In arguing Plaintiffs' entitlement to injunctive relief, the Motion refers generally to the alleged RICO activity of Defendant Nocco "and anyone [acting] on his behalf, both directly and indirectly," but these cursory references do not describe precisely the conduct Plaintiffs seek to enjoin. *Id.* at 6–7.

Second, the Motion fails to address the bond requirements of Federal Rule of Civil Procedure 65(c) and Local Rule 4.03(b)(3). Indeed, the Motion lacks any indication of the security Plaintiffs intend to provide for their request and facts on which the Court could make a reasoned determination as to the amount of such security. A failure to address the bond requirements is "fatal" to a request for a temporary restraining order. *Intabill, Inc. v. Elie*, No. 8:09–cv–834–T–23TGW, 2009 WL 10670490, at *2 (M.D. Fla. May 6, 2009). Third, the Motion is not "accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in" Rule 65(b) and (d) of the Federal Rules of Civil Procedure. Local R. M.D. Fla. 4.05(b)(3). Indeed, the only attachments to the Motion are the previously described pictures, along with pictures of warning signs allegedly located at the Pasco County "Body Farm." (Doc. 104 at 4 n.3, Ex. B). Finally, although Plaintiffs' argument for entitlement to a temporary restraining order relies on the factors for establishing a temporary restraining order, the Motion does not address "the reason that notice cannot be given" or the potential harm that might be caused to Defendants or others if the order is issued. Local R. M.D. Fla. 4.05(b)(4).

In sum, Plaintiffs have failed to comply with procedural requirements for the issuance of a temporary restraining order. The Court will therefore deny Plaintiffs' request for a temporary restraining order. Furthermore, the Local Rules require a party applying for a preliminary

injunction to fully comply with the procedural requirements for temporary restraining order motions, as provided in Local Rule 4.05(b)(1)–(5). Local R. M.D. Fla. 4.06(b)(1). As demonstrated above, the Motion runs aground of several of these procedural requirements. Therefore, the Court will also deny Plaintiffs' request for a preliminary injunction.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Emergency Motion for Temporary Injunction, Temporary Restraining Order and Preliminary Injunction is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 18, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any.