UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. SQUITIERI, *et al.*,

      Plaintiffs,

v.                                                                    Case No: 8:19-cv-906-T-36AAS

CHRISTOPHER NOCCO, *et al.*,

      Defendants.

_____/

# **O R D E R**

This cause comes before the Court upon Defendants' Rule 11 Motion for Attorneys' Fees and Costs (the "Motion"), (Doc. 142), Defendants' Supplemental Rule 11 Motion for Attorneys' Fees and Costs (the "Supplemental Motion"), (Doc. 176), and Plaintiffs' Motion to Accept Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions Out of Time (the "Motion to Accept Response"), (Doc. 177). The Court, having considered the parties' submissions and being fully advised in the premises, will defer ruling on these motions, pending the conclusion of this action.

## I.    **BACKGROUND**

After this action's inception on April 16, 2019, (Doc. 1), Plaintiffs[1] filed a second amended complaint (the "Second Amended Complaint") on August 7, 2019, (Doc. 121). The Motion followed. (Doc. 142). On February 27, 2020, the Court dismissed the Second Amended Complaint without prejudice. (Doc. 161). Plaintiffs filed the operative, third amended complaint (the "Third

---

[1] With one exception, the plaintiffs named in the second amended complaint are the same plaintiffs named in the operative complaint. For ease of reference, the Court will refer to both groups of plaintiffs as "Plaintiffs."

Amended Complaint") against Defendants[2] on April 1, 2020. (Doc. 169). Shortly thereafter, Defendants filed the Supplemental Motion. (Doc. 176).

In the Motion, Defendants move the Court to sanction Plaintiffs under Federal Rule of Civil Procedure 11 and enter an order holding Plaintiffs and their counsel jointly and severally liable for fees and costs associated with Defendants' defense of Plaintiffs' claims. (Doc. 142 at 1). Defendants first argue that, in violation of Rule 11(b)(2), Plaintiffs lack an objectively reasonable basis for bringing this action. *Id.* at 7. To that end, Defendants assert that Plaintiffs predicate their claims in the Second Amended Complaint on frivolous legal theories. *Id.* at 6–12. Defendants also argue that the claims are unsupported by plausible allegations. *Id.* at 7–9. Next, Defendants argue that the nature of Plaintiffs' pleadings and their counsel's extrajudicial conduct indicates that Plaintiffs pursue this action for an improper purpose, in violation of Rule 11(b)(1).[3] *Id.* at 12–15. According to Defendants, Plaintiffs' allegations harass and disparage, they constitute factual misrepresentations, and the pleadings serve as an extension of the conduct of Plaintiffs' counsel, who has commented and written disparagingly about Defendant Nocco and the Pasco County Sheriff's Office. *Id.*

Plaintiffs respond that their claims, as presented in the Second Amended Complaint, are objectively reasonable. (Doc. 145 at 8–9). Plaintiffs maintain that they bring their claims in good faith and that their counsel's comments and written statements regarding Defendant Nocco and the Pasco County Sheriff's Office were based on public information. *Id.* at 9. Finally, Plaintiffs claim

---

[2] The Court will refer to both the defendants named in the Second Amended Complaint and the defendants named in the Third Amended Complaint as "Defendants" for ease of reference.

[3] At the time of the Motion's filing, attorney John McGuire served as sole counsel for Plaintiffs. Since then, Plaintiffs have also retained attorney Luke Lirot. *See* (Doc. 158).

that Defendants violated the safe-harbor provision of Rule 11(c) by failing to provide the Motion's memorandum of law. *Id.* at 6–7. Defendants have replied. (Doc. 148).

Defendants focus on the Third Amended Complaint in the Supplemental Motion, arguing that the operative pleading represents Plaintiffs' latest example of indifference to the requirements of Rule 11(b). (Doc. 176 at 2). Defendants contend that the purpose of the Third Amended Complaint is to harass Defendants and further increase the costs of this purportedly frivolous litigation, in violation of Rule 11(b)(1). *Id.* at 7. As with the Second Amended Complaint, Defendants argue that the Third Amended Complaint runs aground of Rule 11(b)(2) by asserting frivolous claims. *Id.* at 7–9. As such, Defendants seek an order holding Plaintiffs and their counsel jointly and severally liable for attorneys' fees and costs incurred since the Motion. *Id.* at 1. Finally, and in the alternative, Defendants seek an award of attorneys' fees, pursuant to 28 U.S.C. § 1927, on the basis of the conduct of Plaintiffs' counsel. *Id.* at 1, 10–11. On June 11, 2020, Plaintiffs filed the Motion to Accept Response, moving the Court to accept their belated response in opposition to the Supplemental Motion on the basis of excusable neglect. (Doc. 177 at 4).

## II.    LEGAL STANDARD

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Under Rule 11, an attorney who presents a pleading, motion, or other paper to the Court makes several certifications to the best of the attorney's "knowledge, information and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). These certifications include, in relevant part: (1) the pleading, motion, or other paper is not being presented "for any improper purpose"; and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2). Indeed, a district court has

discretion to award sanctions under Rule 11 when the pleading lacks a reasonable factual basis, the pleading is based on a legal theory that is without a reasonable chance of success and cannot be advanced as a reasonable basis for changing existing law, or the pleading is filed in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). Finally, "any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## III.   DISCUSSION

Here, the gravamen of both the Motion and the Supplemental Motion is that Plaintiffs' claims are frivolous and without foundation in law or fact. In responding to the Motion, Plaintiffs maintain that their claims are objectively reasonable and brought in good faith. Because motions for sanctions tend to distract parties from the merits of litigation, the Court prefers to adjudicate motions for sanctions at the conclusion of litigation. This is especially so when no ruling has issued on the merits of the action. This action is yet to be concluded, on the merits or otherwise, and Defendants' case dispositive motion to dismiss pends before the Court. (Doc. 170). The Court, therefore, will defer ruling on the Motion and the Supplemental Motion, pending this action's conclusion. Finally, because the Court will defer ruling on the Motion and the Supplemental Motion, the Court will also defer ruling on the Motion to Accept Response, pending this action's conclusion.

Accordingly, it is **ORDERED**:

1. Defendants' Rule 11 Motion for Attorneys' Fees and Costs (Doc. 142) is **DEFERRED**, pending the conclusion of this action.

2. Defendants' Supplemental Rule 11 Motion for Attorneys' Fees and Costs (Doc. 176) is **DEFERRED**, pending the conclusion of this action.

3. Plaintiffs' Motion to Accept Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions Out of Time (Doc. 177) is **DEFERRED**, pending the conclusion of this action.

4. The Clerk is directed to terminate Defendants' Rule 11 Motion for Attorneys' Fees and Costs, Defendants' Supplemental Rule 11 Motion for Attorneys' Fees and Costs, and Plaintiffs' Motion to Accept Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions Out of Time. At the conclusion of the action, Defendants may advise the Court, by filing a notice, if they still seek resolution of the Rule 11 Motion for Attorneys' Fees and Costs and the Supplemental Rule 11 Motion for Attorneys' Fees and Costs.

**DONE AND ORDERED** in Tampa, Florida on June 19, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any.