UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. SQUITIERI et al.,

    Plaintiffs,

v.                                                        Case No: 8:19-cv-0906-KKM-AAS

CHRISTOPHER NOCCO et al.,

    Defendants.
_____

## ORDER

In *Squitieri v. Nocco* and its derivative cases, Defendants move for attorney's fees as sanctions against Plaintiffs and their attorneys under Rule 11, 42 U.S.C. § 1988, 28 U.S.C. § 1927, and this Court's inherent authority. The Second, Third, and Fourth Amended *Squitieri* Complaints were frivolous, warranting sanctions against Plaintiffs' attorneys under Rule 11. Moreover, following the Second Amended Complaint, Plaintiffs' attorneys were reckless in filing frivolous pleadings, warranting sanctions under § 1927. Finally, because many complaints included frivolous § 1983 claims, the Court sanctions Plaintiffs under § 1988. But because the Court finds that neither Plaintiffs nor their counsel acted with subjective bad faith, sanctions against them are not warranted under Rule 11 for acting with an improper purpose or under this Court's inherent authority.

I. **BACKGROUND**

This Court has recounted the background of this case eight times in orders granting motions to dismiss. (Doc. 209); *Gibson v. Nocco*, 8:20-cv-2992 (Doc. 26); *Kriz v. Nocco*, 8:20-cv-2995 (Doc. 25); *Lape v. Nocco*, 8:20-cv-2996 (Doc. 27); *Marchione v. Nocco*, 8:20-cv-2997 (Doc. 27); *Starnes v. Nocco*, 8:20-cv-3001 (Doc. 26); *Ziegler v. Nocco*, 8:20-cv-3002 (Doc. 24); *Keppel v. Nocco*, 8:20-cv-3003 (Doc. 25). It will not do so at length again here.

In sum, the plaintiffs in *Squitieri v. Nocco* filed their original complaint in this case on April 16, 2019. (Doc. 1.) At that time, they were represented solely by John McGuire. Before serving the first complaint, Plaintiffs filed an amended complaint. (Doc. 7.) Then, after serving Defendants, Plaintiffs moved for a Temporary Restraining Order and Preliminary Injunction, which Judge Honeywell denied sua sponte. (Doc. 104; Doc. 108.) Plaintiffs then filed a Second Amended Complaint and moved to certify a class. (Doc. 121; Doc. 125.) That complaint brought two counts, one under the federal Racketeering Influenced and Corrupt Organizations Act (RICO) statute and one under the Florida racketeering statute. (Doc. 121 at 266, 268.) Defendants opposed Plaintiffs' motion to certify and moved to dismiss the Second Amended Complaint and for Rule 11 sanctions against Plaintiffs for filing it. (Doc. 131; Doc. 142; Doc. 157.) After Defendants moved for sanctions, Luke Lirot appeared in the case as co-counsel for Plaintiffs. (Doc. 158.)

Judge Honeywell then dismissed that complaint as a shotgun pleading and reserved ruling on the sanctions motion. (Doc. 161.) Because she dismissed the complaint, she denied the class certification motion as moot. (Doc. 159; Doc. 171.)

Plaintiffs filed a Third Amended Complaint. (Doc. 169.) That complaint also sought RICO damages but added several counts for constitutional violations under 42 U.S.C. § 1983. (*Id.*) Defendants again moved to dismiss and for sanctions under Rule 11 and 28 U.S.C. § 1927. (Doc. 170; Doc. 176.) Concluding that the action suffered from impermissible joinder of parties, (Doc. 184), Judge Honeywell severed the action and required all but one plaintiff to file complaints in separate actions, (Doc. 189).

*Squitieri* and seven of the new actions were transferred to the undersigned. The Court dismissed with prejudice the complaints in all eight cases. Defendants then moved for sanctions in each case. The Court held a joint hearing on the motions for sanctions, including the motion filed before severance, and the parties filed supplemental briefs addressing the issues raised at the hearing. (Doc. 221; Doc. 224; Doc. 225.)

## II.  LEGAL STANDARD

An attorney violates Rule 11 of the Federal Rules of Civil Procedure when he signs or advocates for a court filing not warranted by existing law or by presenting a frivolous argument for extension of the law or signs or advocates for a paper filed for an improper purpose and when he should have known that the filing was unwarranted or for an

3

improper purpose. Fed. R. Civ. P. 11(b). A filing is not warranted by existing law—it is "frivolous"—when it is "based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). But frivolity alone is not enough to warrant sanctions under Rule 11. The Court must also conclude that the "person who signed the pleadings should have been aware that they were frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quotations omitted); *see Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (asking whether the attorney "would have been aware" that the pleadings were frivolous "had he made a reasonable inquiry"). Although the frivolous inquiry is objective, a court determines whether a paper was filed for an improper purpose through "a subjective analysis." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 639 (11th Cir. 2010); *Spolter v. Suntrust Bank*, 403 F. App'x 387, 391 (11th Cir. 2010) (per curiam) (concluding that despite the appellant's claims, the court "believe[d the appellant's] actions were done in bad faith and for an improper purpose"); *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1502 (11th Cir. 1997) (noting that Bankruptcy Rule 9011 "is patterned after" Rule 11 and that Rule 9011 "requires a subjective inquiry" into whether the proceeding was "interposed for an improper purpose"). When an attorney violates Rule 11 or is responsible for a violation, a court may assess appropriate sanctions. If a court assesses attorney's fees as a sanction, the award must be limited to the

"reasonable attorney's fees and other expenses directly resulting from the [Rule 11] violation." Fed. R. Civ. P. 11(c)(1), (4).

Attorney's fees may be awarded under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Peer*, 606 F.3d at 1314 (quotation marks and quotation omitted). But bad faith under § 1927 "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Id.*

Attorney's fees may also be awarded under 42 U.S.C. § 1988 when a plaintiff brings an objectively frivolous § 1983 claim, *Sibley v. Levy*, 203 F. App'x 279, 281 (11th Cir. 2006) (per curiam), and under a court's inherent authority when a party engages in subjective bad faith, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).

III. ANALYSIS

A. Sanctions for Rule 11(b)(2) Violations

Defendants move for sanctions against Plaintiffs' attorneys for violating Rule 11(b)(2) in bringing frivolous legal claims in the Second, Third, and Fourth Amended *Squitieri* Complaints. (Doc. 142; Doc. 176; Doc. 213.) The Court agrees—each of these complaints were either objectively frivolous shotgun pleadings or woefully failed to state

claims for relief. Plaintiffs' attorneys, thus, "should have been aware that they were frivolous." *Peer*, 606 F.3d at 1311 (quotation omitted).[1]

### i. Frivolous Shotgun Pleadings

A shotgun pleading violates "either Rule 8(a)(2) or Rule 10(b)[] or both." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Pleadings that so egregiously violate Rules 8(a)(2) and 10(b) that they have "no reasonable chance of success" are objectively frivolous. *Baker*, 158 F.3d at 524. The Second and Third Amended *Squitieri* Complaints both constituted egregious shotgun pleadings. McGuire should have known that such complaints could not succeed and Lirot should have known the latter could not succeed.

As Judge Honeywell concluded, the Second Amended *Squitieri* Complaint was "absolutely . . . a shotgun pleading." (Doc. 171 at 8.) It brought two counts, each re-alleging 1,004 paragraphs. (Doc. 121 at 266–68.) Neither count identified which Defendants were "responsible for which acts or omissions," "caus[ing] an extremely big problem in a case where there are 20 Plaintiffs . . . and then 42 Defendants." (Doc. 171 at 9.) The Third

---

[1] Plaintiffs argue that Defendants' first Rule 11 motion must be denied because Defendants gave them only the first five pages of their Rule 11 motion, depriving Plaintiffs of the notice required by Rule 11(c)(2). (Doc. 145.) But Plaintiffs received the entirety of Defendants' motion—the pages that Defendants did not give Plaintiffs were Defendants' memorandum of law. And a failure to serve the nonmovant a memorandum of law does not render service of the *motion* insufficient. *See Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 757 (10th Cir. 2015); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012).

6

Amended *Squitieri* Complaint alleged constitutional and RICO violations but failed to explain which claims were brought against which Defendants. That complaint also brought one "count" against each defendant but failed to note whether the count alleged a RICO violation or a constitutional claim. (*E.g.*, Doc. 169 at 15–20.) Both these complaints were objectively unreasonable shotgun pleadings.

The attorneys responsible for these complaints should have known that the complaints were frivolous shotgun pleadings. *See Peer*, 606 F.3d at 1311. Rules 8 and 10 provide sufficient notice to warn an attorney that he must file complaints that state a short and clear claim for relief. And the Eleventh Circuit's caselaw is filled with critiques of shotgun pleadings. *See Weiland*, 792 F.3d at 1321 (noting sixty such critiques as of 2015).

### ii. Frivolous RICO Complaint

Defendants also ask for attorney's fees as a sanction for the Fourth Amended *Squitieri* Complaint. (Doc. 213 at 3.) That complaint violated Rule 11(b)(2) because it brought frivolous RICO claims. Reasonable attorneys "*stop and think* before filing [civil RICO claims]." *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991), *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008). Squitieri's complaint sorely failed to plausibly allege the first element of a civil RICO claim: a pattern of predicate criminal acts by the defendant that "pose a threat of continued criminal activity." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). The

7

Court detailed the failings of Squitieri's RICO claim in its order granting Defendants' Motion to Dismiss, which it will not repeat here. (Doc. 209.) Plaintiffs' counsel should have known, after a reasonable investigation into the law, that styling Plaintiffs' claims as injuries from RICO violations was an effort that "ha[d] no reasonable chance of success." *Baker*, 158 F.3d at 524. Nor did Plaintiff's counsel undertake a reasonable investigation. (Doc. 222 at 29 (McGuire noting that his legal research consisted mostly of "research on [his] phone at home on a Saturday afternoon," which led him to find a civil RICO case brought against a different sheriff's office but not knowing whether it was successful); *id.* at 77 (Lirot noting that he "did not do any independent search" because he saw himself more "as an editor than a researcher").)

### iii. Sanctions for Rule 11(b)(2) Violations Conclusion

The Second, Third, and Fourth Amended *Squitieri* Complaints were all frivolous, and Plaintiffs' attorneys should have known they were frivolous. As such, sanctions are warranted under Rule 11 against the attorneys who were responsible for the frivolous filings. *See* Fed. R. Civ. P. 11(1) (authorizing sanctions against the attorney "that violated the rule or is responsible for the violation"). McGuire was sole counsel for Plaintiffs when he filed the Second Amended *Squitieri* Complaint, so he bears sole liability for Defendants' attorney's fees resulting from it. McGuire also signed and advocated for the Third Amended *Squitieri* Complaint. Although Lirot did not sign the Third Amended *Squitieri*

8

Complaint, he was responsible for it because he "edit[ed]" that complaint, (Doc. 222 at 83), giving his "best effort to refine and organize the appropriate facts and causes of action into a pleading that . . . [met] the pleading requirements," (Doc. 215 at 7; *see* Doc. 222 at 83 (noting that Lirot did his best to "un-shotgun" the Third Amended Complaint)). He also advocated for that complaint later, when he signed the response to Defendants' motion to dismiss that complaint. (Doc. 173 at 10.) Thus, both Lirot and McGuire are jointly liable for Defendants' attorney's fees resulting from that complaint. Finally, both attorneys signed the Fourth Amended *Squitieri* Complaint, so they share liability for those attorney's fees that Defendants reasonably incurred in responding to that complaint. *See* Fed. R. Civ. P. 11(c)(4).

Although Defendants ask for the attorney's fees they incurred in defending against Plaintiffs' first two complaints in *Squitieri*, they do not contend that those complaints were frivolous. Because Rule 11(c)(4) limits sanctions to payment "of the reasonable attorney's fees and other expenses directly resulting from the violation," the Court will not require Plaintiffs' counsel to pay Defendants' attorney's fees for responding to complaints Defendants have not moved to sanction.

### B. Bad Faith Sanctions

Defendants move for sanctions against Plaintiffs in this case for filing papers for an improper purpose in violation of Rule 11(b)(1) and for sanctions under this Court's

inherent authority for Plaintiffs litigating in bad faith in this case and in six of the derivative cases. (Doc. 142; Doc. 176; Doc. 213); *Gibson* (Doc. 28); *Kriz* (Doc. 27); *Lape* (Doc. 29); *Marchione* (Doc. 29); *Ziegler* (Doc. 26); *Keppel* (Doc. 27). For support, Defendants supply Plaintiffs' affidavits "accusing members of the Sheriff's Office of engaging in criminal conduct." (Doc. 225 at 10.) But the Court does not find that these affidavits sufficiently show Plaintiffs pursued these actions for an improper purpose or in bad faith, particularly as sanctions based on bad faith under these authorities require a subjective analysis. *Thompson*, 610 F.3d at 639 (Rule 11); *Purchasing Power*, 851 F.3d at 1223 (inherent authority). As such, the Court declines to impose sanctions under either of these authorities.

Defendants also move for sanctions against McGuire and Lirot for filing papers for an improper purpose in this case and for sanctions under this Court's inherent authority for counsel litigating in bad faith in this case and in six of the derivative cases. (Doc. 142; Doc. 176; Doc. 213); *Gibson* (Doc. 28); *Kriz* (Doc. 27); *Lape* (Doc. 29); *Marchione* (Doc. 29); *Ziegler* (Doc. 26); *Keppel* (Doc. 27). The Court examined both McGuire and Lirot under oath at the sanctions hearing about the basis for the lawsuit and subsequent variations of claims, and both testified that they had no intent to harass Defendants. They defended their actions on the ground that they merely sought relief for their clients based on the allegations as relayed to them and were convinced that some misconduct occurred,

10

particularly in the light of the number of former employees with whom they spoke who shared similar experiences. (Doc. 222 at 26–27, 29, 50–52, 54–57, 76, 79, 81.) As the Court noted at the sanctions hearing and in all the orders dismissing these cases, the Plaintiffs' accusations—if accepted as true at the pleading stage—sounded more in traditional employment disputes. (*Id.* at 4); *cf. Steffens v. Nocco*, 8:19-cv-1940 (an original *Squitieri* plaintiff who left the RICO lawsuit to bring an employment discrimination complaint and whose race discrimination claim survived a Rule 12(b)(6) motion).

Rule 11(b)(1) and this Court's inherent authority both require a finding of subjective bad faith or improper purpose. *Thompson*, 610 F.3d at 639 (Rule 11); *Purchasing Power*, 851 F.3d at 1223 (inherent authority). The Court finds no bad faith by either McGuire or Lirot—they did not intend to harass Defendants. Instead, the Court credits counsel's testimony that they believed some manner of problematic conduct occurred at the Pasco County Sheriff's Office based on their conversations with former employees. (Doc. 222 at 26–27, 29, 50–52.) True, the claims for relief as alleged were frivolous for reasons previously explained and counsel should have known as much, but poor lawyering does not necessarily equate with bad faith or an improper purpose. One may be honestly, but egregiously, mistaken. For example, the Court finds credible McGuire's testimony that he took these cases on a pro bono basis, not for monetary gain, and that this litigation was his first in federal court. (*Id.* at 52 ("I never asked for any money from my clients. I told the

11

Sheriff's Office if I ever got a fee, the Sheriff could donate to the charity of his choice."); *id.* at 29 ("I have never done any federal litigation RICO or otherwise.").) Although those facts cannot absolve an attorney of all Rule 11 liability, they inform the Court's finding that McGuire's efforts were motivated by a desire to assist clients, not to harass Defendants needlessly. Lirot's efforts were secondary to McGuire's, as he testified that he agreed to participate only as a favor to his friend (McGuire). (*Id.* at 75–76.) Again, that does not shield him from all Rule 11 liability, but it explains his motivation. The Court therefore denies Defendants' motions for sanctions on this ground.[2]

### C. 28 U.S.C. § 1927

Defendants move for attorney's fees under § 1927 for Plaintiffs' counsel "unreasonably and vexatiously" multiplying the proceedings by filing for emergency injunctive relief and for class certification in *Squitieri* and for filing shotgun pleadings in the derivative cases.[3] (Doc. 176 at 11); *Gibson* (Doc. 28); *Kriz* (Doc. 27); *Lape* (Doc. 29); *Marchione* (Doc. 29); *Starnes* (Doc. 28); *Ziegler* (Doc. 26); *Keppel* (Doc. 27). Defendants

---

[2] Even if the standard for improper purpose under Rule 11 was objective, it would make no difference. *Cf. Clark v. Warren*, 356 F. App'x 940, 941 (9th Cir. 2009) (mem.) (noting that sanctions would be improper because the "standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose" (quotation omitted)). The Court would still conclude that Defendants gave insufficient evidence that Plaintiffs acted for an improper purpose. And the Court already sanctions Plaintiffs' counsel for violating Rule 11(b)(2); concluding that Plaintiffs' counsel violated Rule 11(b)(1) too would not alter the amount of reasonable attorney's fees incurred by Defendants.

[3] Defendants also move for attorney's fees under 28 U.S.C. § 1927 for Squitieri filing his Third and Fourth Amended Complaints. Because the Court concluded that those complaints violated Rule 11 and because any relief the Court granted under § 1927 would merely duplicate the relief under Rule 11, the Court declines to assess attorney's fees under § 1927 for the Third and Fourth Amended *Squitieri* Complaints.

12

offer no substantial argument that the motions in *Squitieri* were filed unreasonably and vexatiously, so the Court denies attorney's fees incurred responding to those motions. But because those additional complaints in the derivative cases necessarily prolonged litigation and were all shotgun pleadings that mirrored the already-identified problems that Plaintiffs' attorneys knew could not lead to relief for Plaintiffs, the Court awards fees under § 1927 based on them. *See Lacayo v. Puerta de Palmas Condo. Ass'n Inc.*, 842 F. App'x 378, 383–84 (11th Cir. 2021) (per curiam) (concluding that the plaintiff's attorney engaged in vexatious and unreasonable conduct by "filing a second amended complaint that was a shotgun pleading without remedying the deficiencies that the magistrate judge identified in the amended complaint").

First, Defendants ask for attorney's fees under § 1927 for the costs of responding to the complaints filed by Plaintiffs in the derivative cases. In each of those cases, Plaintiffs filed two complaints. The first complaint initiating each of those separate cases did not multiply the proceedings because they initiated the case. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (per curiam) ("As an initial matter, the language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun."); *see also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (noting that "proceedings in a case cannot be multiplied until there *is* a case"); *accord Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re*

13

*Yagman*, 803 F.2d 1085 (9th Cir. 1986). But the second complaints in each of the post-severance cases necessarily multiplied litigation, particularly as the new iterations repeated the same failings as embodied by earlier pleadings. *See Lacayo*, 842 F. App'x at 383 (concluding that a second complaint "multiplied" the proceedings).

Plaintiffs' attorneys in these derivative cases vexatiously and unreasonably filed amended complaints that multiplied the proceedings. "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Peer*, 606 F.3d at 1314 (quotations and quotation marks omitted). Both § 1927 and sanctions under this Court's inherent authority require a showing of bad faith. The bad faith inquiry under the Court's inherent authority looks to objective indicators of bad faith only "in the *absence* of direct evidence of subjective bad faith." *Purchasing Power*, 851 F.3d at 1224 (emphasis added). A determination of bad faith under § 1927, on the other hand, relies almost exclusively on objective indicators. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007) (noting that an attorney's "purpose or intent" can be considered despite the "focus of the analysis" being on the attorney's "objective conduct"). Looking only to objective indicators and not subjective ones, Plaintiffs' attorneys multiplied this litigation in bad faith and the Court imposes sanctions under § 1927.

14

Each of the amended complaints in the derivative cases were egregious shotgun pleadings. This Court already ruled that the amended complaints in five of its seven *Squitieri* derivative cases were shotgun pleadings. *See Gibson* (Doc. 26); *Marchione* (Doc. 27); *Starnes* (Doc. 26); *Ziegler* (Doc. 24); *Keppel* (Doc. 25). As for the amended complaints in *Kriz* and *Lape*, they were also objectively frivolous shotgun pleadings. They both discussed in detail the Intelligence-Led Policing program despite lacking any allegations to connect it to the RICO counts, or, in *Kriz*, the § 1983 count. *See Kriz* (Doc. 15 ¶¶ 18–22); *Lape* (Doc. 19 ¶¶ 18–22); *Weiland*, 792 F.3d at 1323. Moreover, each complaint alleged both federal and state RICO claims in a single count. *Kriz* (Doc. 15 ¶¶ 47–56); *Lape* (Doc. 19 ¶ 41).

And the attorneys responsible for these complaints were told by this Court, and had notice from the federal rules and circuit precedent, that such complaints could not succeed. In the original *Squitieri* case, Judge Honeywell told McGuire during a hearing on a motion to dismiss that the Second Amended *Squitieri* Complaint was a shotgun pleading. After she explained why it was a shotgun pleading, she asked McGuire whether he had any questions, and he responded that he "definitely ha[d] no question[s] about what we discussed." (Doc. 171 at 13.) And Lirot "read the transcript" of the hearing. (Doc. 222 at 83). Moreover, Rules 8 and 10 require attorneys to file only complaints that state a short and clear claim for relief. And the Eleventh Circuit's caselaw leaves no room for ambiguity:

15

shotgun pleadings are forbidden. *See Weiland*, 792 F.3d at 1321 (noting sixty such critiques as of 2015).

By filing shotgun pleadings in complete disregard for Judge Honeywell's instructions, circuit precedent, and the federal rules, Plaintiffs' attorneys unreasonably and vexatiously multiplied the proceedings in these cases. The two attorneys are jointly liable for the "excess costs, expenses, and attorneys' fees reasonably incurred" by Defendants from the amended complaints in the derivative cases. § 1927.

Second, Defendants ask for attorney's fees under § 1927 for the costs of responding to Plaintiffs' motion to certify a class and their motion for emergency injunctive relief. (Doc. 104; Doc. 125.) The motions were, indeed, meritless. But even if these motions multiplied the proceedings, Defendants offer little explanation for why they were so unreasonable that their filing was "tantamount to bad faith." *Amlong & Amlong*, 500 F.3d at 1239 (quotation omitted). The burden is on Defendants to show that these motions' utter lack of merit indicates that counsel filed them in bad faith. *See id.*; *see also Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments . . . ."). They have not done so.

### D. 42 U.S.C. § 1988

Defendants move for attorney's fees from Plaintiffs Sean Gibson, Nikolaus Kriz, Brandon Marchione, Aaron Ziegler, and Charles Keppel for filing frivolous § 1983

16

claims.[4] When a plaintiff brings a § 1983 action against a defendant and the defendant prevails, the defendant may recover attorney's fees if the court finds "that the plaintiff's action was frivolous . . . even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quotation omitted). In determining whether the claims were frivolous under § 1988, the Court considers "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; . . . (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits"; and (4) whether the "claims [were] meritorious enough to receive careful attention and review." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021) (quotations omitted).

Each of these § 1983 claims were objectively frivolous. Although the inquiry is context-specific, a § 1983 claim is likely frivolous when the plaintiff failed to establish a prima facie case, the defendant never offered to settle, the court dismissed the case prior to trial, and the § 1983 claims did not require "careful attention and review." *Beach Blitz Co.*, 13 F.4th at 1302. Each of those factors are satisfied here: Plaintiffs did not establish a prima facie case, Defendants claim they never offered to settle (which Plaintiffs do not dispute), the Court dismissed the cases prior to trial, and the § 1983 claims did not require

---

[4] Christopher Squitieri and Edward Lape did not bring § 1983 claims in their derivative cases. Christopher Starnes brought § 1983 claims in his derivative case, but Defendants did not move for attorney's fees against him under § 1988.

17

"careful attention and review." *Id.* As such, each Plaintiff who brought a frivolous § 1983 claim is liable for the attorney's fees Defendants incurred in defending against his respective frivolous claims. *See Gibson* (Doc. 15); *Kriz* (Doc. 15); *Marchione* (Doc. 16); *Ziegler* (Doc. 15); *Keppel* (Doc. 15). Because McGuire and Lirot each violated Rule 11 when they signed the complaints that included these frivolous § 1983 claims, they are jointly liable with each Plaintiff for Defendants' attorney's fees responding to these frivolous claims.

## IV.   CONCLUSION

Defendants move for attorney's fees as a sanction in this action and its derivative cases under a variety of authorities. The Court grants Defendants motions in part. Specifically, it concludes that the Second, Third, and Fourth Amended *Squitieri* Complaints were frivolous, subjecting the attorneys who signed, advocated, or were otherwise responsible for them to sanctions. The Court further concludes that Plaintiffs' counsel vexatiously and unreasonably multiplied the proceedings in these cases by filing the amended complaints in each of the derivative cases. Finally, the Court concludes that the § 1983 claims were frivolous and that Plaintiffs who brought them must share liability with their attorneys for those costs Defendants reasonably incurred responding to them. The Court, however, has not sanctioned the initial and First Amended Complaint in *Squitieri* or any of the initial complaints in the derivative cases, nor has it awarded attorney's fees that Defendants incurred responding to Plaintiffs' class certification and emergency

18

injunction motions in *Squitieri*. Finally, the Court has not made any findings of subjective bad faith on behalf of counsel. Accordingly, the following is **ORDERED**:

1. The Court **GRANTS-IN-PART** Defendants' Motions for Sanctions under Rule 11. (Doc. 142.) Specifically, the Court assesses the reasonable attorney's fees that Defendants incurred in defending against the Second Amended *Squitieri* Complaint against John McGuire, Plaintiffs' counsel, because he violated Federal Rule of Civil Procedure 11(b)(2).

2. The Court **GRANTS-IN-PART** Defendants' Supplemental Motion for Attorneys' Fees, (Doc. 176), and Defendants' Motion for Attorneys' Fees, (Doc. 213). Specifically, the Court assesses the reasonable attorney's fees that Defendants incurred in defending against the Third and Fourth Amended *Squitieri* Complaints jointly and severally against John McGuire and Luke Lirot, Plaintiffs' counsel, because they each violated Federal Rule of Civil Procedure 11(b)(2). But the Court declines to assess attorney's fees against Plaintiffs themselves under Rule 11(b)(1).

3. The Court **DIRECTS** Defendants under Local Rule 7.01(c) to file a Supplemental Motion on Amount within forty-five days of this Order.

**ORDERED** in Tampa, Florida, on April 18, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge