UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER SQUITIERI,

   Plaintiff,

   v.  Case No.: 8:19-cv-906-KKM-AAS

CHRISTOPHER NOCCO et al.,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

The defendants request the court award $107,774.36 in attorney's fees. (Doc. 227). Plaintiff Christopher Squitieri and Mr. Squitieri's counsel, attorneys John F. McGuire and Luke Lirot respond an award of $11,500.00 in attorney's fees is more appropriate. (Doc. 229). The defendants replied. (Doc. 232). It is **RECOMMENDED** that the defendants' motion (Doc. 227) be **GRANTED in part** to the extent that the defendants should be awarded **$52,990.57** in attorney's fees: $29,370.10 against Attorney McGuire individually, and $23,620.47 jointly and severally against Attorneys McGuire and Lirot.

**I.   BACKGROUND**

This case's relevant procedural history is most succinctly summarized through the following timeline:

1

- April 16, 2019: Mr. Squitieri and two other plaintiffs sued fifteen current and former employees of the Pasco County Sheriff's Office for alleged violations of state and federal civil racketeering statutes. (Doc. 1).

- June 20, 2019: The plaintiffs filed an amended complaint increasing the number of named plaintiffs to twenty and the number of named defendants to forty-five. (Doc. 7).

- August 7, 2019: With leave of court, the plaintiffs filed the Second Amended Complaint. (Doc. 121).

- August 12, 2019: The defendants moved to dismiss the Second Amended Complaint. (Doc. 131).

- September 26, 2019: The defendants moved for monetary sanctions under Federal Rule of Civil Procedure 11. (Doc. 142).

- February 27, 2020: District Judge Charlene Honeywell heard oral argument on the defendants' motion to dismiss and concluded the Second Amended Complaint was a shotgun pleading. Judge Honeywell orally granted-in-part the defendants' motion to dismiss, and directed the plaintiffs to file a third amended complaint. (Doc. 171).

- April 1, 2020: The plaintiffs filed the Third Amended Complaint. (Doc. 169).

- April 13, 2020: The defendants moved to dismiss the Third Amended Complaint. (Doc. 170).

- May 14, 2020: The defendants filed a supplemental motion for attorney's fees under Rule 11. (Doc. 176).

- June 19, 2020: Judge Honeywell deferred ruling on the defendants' Rule 11 sanctions motion and supplemental Rule 11 attorney's fees motion until the case concluded. (Doc. 178).

- November 9, 2020: Judge Honeywell severed the plaintiffs' claims and directed the plaintiffs to pursue relief in separate actions. (Doc.

189).

- December 16, 2020: Mr. Squitieri filed the Fourth Amended Complaint against eight named defendants. (Doc. 190).

- January 6, 2021: The eight named defendants moved to dismiss the Fourth Amended Complaint. (Doc. 193).

- January 7, 2021: The clerk's office reassigned this case to District Judge Kathryn Kimball Mizelle. (Doc. 194).

- January 27, 2021: Mr. Squitieri filed a motion requesting leave to file a fifth amended complaint or, in the alternative, an extension of time to respond to the defendants' motion to dismiss the Fourth Amended Complaint. (Doc. 200).

- March 1, 2021: Judge Mizelle deferred ruling on Mr. Squitieri's motion for leave to file a fifth amended complaint and directed Mr. Squitieri to respond to the defendants' motion to dismiss (Doc. 193). (Doc. 206).

- August 21, 2021: After receiving Mr. Squitieri's response (Doc. 207), Judge Mizelle granted the defendants' motion to dismiss the Fourth Amended Complaint. (Doc. 209).

- September 7, 2021: In response to Judge Mizelle's order (Doc. 212), the defendants renewed their motion for attorney's fees. (Doc. 213).

- February 11, 2022: Judge Mizelle held a hearing and ordered supplemental briefing. (Docs. 220, 222). After receiving the supplemental briefs (Docs. 224, 225), Judge Mizelle granted-in-part the defendants' motion for sanctions (Doc. 142) and the defendants' motions for attorney's fees (Docs. 176, 213) and allowed for sanctions and attorney's fees pursuant to Rule 11(b)(2) and 28 U.S.C. § 1927 and 42 U.S.C. § 1988, but not Rule 11(c)(4), Rule 11(b)(1), or the court's inherent authority. (Doc. 226). Judge Mizelle directed the defendants to file a supplemental motion for determination of the amount of attorney's fees. (*Id.*).

The defendants request a total of $107,774.36 in fees: $68,150.50 in

3

fees against Mr. McGuire for time expended "prior to the filing of the Third Amended Complaint for which Counsel McGuire is solely responsible;" $12,543.90 in fees against Attorneys McGuire and Lirot for "fees incurred following Plaintiffs' filing of their Third Amended Complaint;" and $27,079.96 in fees against Attorneys McGuire and Lirot for time defense counsel spent "litigating [Mr.] Squitieri's post-severance claims, including securing judgment against the Plaintiffs who elected not to pursue their claims and the litigation of attorneys' fees." (Doc. 227, pp. 8–12).

## II.   ANALYSIS

The parties dispute the extent to which the court granted sanctions and attorney's fees. Attorneys McGuire and Lirot raise four central objections to the defendants' fee and sanctions request: (1) defense counsel did not properly confer with Attorneys McGuire and Lirot; (2) some of defense counsel's billed hours are from dates outside the time range for which Judge Mizelle granted sanctions; (3) some of defense counsel's billed hours are for tasks unrelated to the particular relief granted or the time entries are not specific enough, leaving Attorneys McGuire and Lirot "unable to determine how much of the time billed is related" to the particular relief granted by the court; and (4) a financial inability to pay to the extent the court awards more than $20,000. (Doc. 229, pp. 3–10). This report will address each argument in turn.

4

**A. Conferral**

Attorneys McGuire and Lirot argue defense counsel failed to properly confer in accordance with Local Rule 7.01(c) by not providing the contemporaneous periodic billing statements used to calculate the requested sanctions. (Doc. 229, pp. 1–2; Doc. 229-1, Exhibit A).

Local Rule 7.01(c) requires parties claiming fees and expenses include "for any disputed rate or hour: (A) the timekeeper's identity, experience, and qualification; (B) the timekeeper's requested hours; (C) each task by the timekeeper during those hours; (D) the timekeeper's requested rate; (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable; [and] (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." Local Rule 7.01(c)(4), M.D. Fla.

Technically, the information contained in defense counsel's prepared spreadsheets complies with the requirements of Local Rule 7.01(c)(4) so defense counsel sufficiently conferred with Attorneys McGuire and Lirot. However, the undersigned agrees providing the actual billing statements would have been a much more efficient and productive use of defense counsel's time. Consequently, this report will not include the $1,044.00 in

5

fees billed for preparing the spreadsheets.[1]

**B. Hours Billed Out of Time**

Attorneys McGuire and Lirot argue some of defense counsel's billed hours are on dates prior to the filing of Mr. Squitieri's amended complaints or after Mr. Squitieri's amended complaints were dismissed, such that those hours cannot be awarded to defense counsel under the court's sanctions order. (Doc. 229, pp. 5–6).

In summary, the court granted sanctions to the defendants for fees "incurred in defending against the Second Amended *Squitieri* Complaint" against Attorney McGuire and for fees "incurred against the Third and Fourth Amended *Squitieri* Complaints jointly and severally against" Attorneys McGuire and Lirot. (Doc. 226, p. 20). The court concluded the Second Amended Complaint and Third Amended Complaint constituted "objectively unreasonable shotgun pleadings," the attorneys responsible for those two complaints should have known the complaints were frivolous shotgun pleadings, and the attorneys' filing of the complaints was sanctionable under Federal Rules of Civil Procedure 11(b)(2). (*Id.* at 6–8, 19). The court similarly concluded the Fourth Amended Complaint brought frivolous civil RICO claims, the attorneys should have known the claims were

---

[1] $117.60 (Doc. 227-4, Ex. 4, p. 12, last entry) + $448 (Doc. 227-4, Ex. 4, p. 13, first entry) + $78.40 (Doc. 227-4, Ex. 4, p. 13, third entry) + $400 (Doc. 227-4, Ex. 4, p. 14, sixth entry) = $1,044.00

6

frivolous, and Rule 11(b)(2) sanctions were also appropriate for the Fourth Amended Complaint. (*Id*. at 7–8, 19).

In Exhibits B, E, and G, Attorneys McGuire and Lirot challenge: "Hours Billed Prior to Filing of Second Amended Complaint;"[2] (Doc. 229-2, Exhibit B); "Hours Billed Prior to Filing of Third Amended Complaint" (Doc. 229-5, Exhibit E); and "Hours Billed After Fourth Amended Complaint Was Dismissed" (Doc. 229-7, Exhibit G). (Doc. 229, pp. 4–8). Attorneys McGuire and Lirot argue these hours were not included in the court's sanctions because the hours were not incurred in "defending against" Mr. Squitieri's Second Amended Complaint, Third Amended Complaint, or Fourth Amended Complaint. (Doc. 229, pp. 4–8).

### 1. Hours Billed Prior to Filing of Second Amended Complaint

Attorneys McGuire and Lirot argue fees from hours billed prior to the filing of the Second Amended Complaint were not included in the court's sanctions. (Doc. 229, pp. 4–5; Doc. 229-2, Exhibit B). Attorneys McGuire and Lirot are correct that the court's order does not encompass hours billed prior to the filing of the Second Amended Complaint. To suggest otherwise would render superfluous the court's exclusion of fees "incurred in defending against

---

[2] The court did not award sanctions against the plaintiffs' counsel for the first two complaints because the defendants "d[id] not contend that those complaints were frivolous." (*Id*. at 9). The Second Amended Complaint was filed on August 7, 2019. (Doc. 121).

7

[Mr. Squitieri's] first two complaints" as a result of the defendants' failure to move for sanctions on that basis. (Doc. 226, p. 9). Thus, fees from the hours billed prior to the filing of the Second Amended Complaint, which total $38,780.40,[3] should be excluded from the sanctions award.

### 2. Hours Billed Prior to Filing Third Amended Complaint

Attorneys McGuire and Lirot argue fees from hours billed prior to the filing of the Third Amended Complaint were not included in the court's sanctions. (Doc. 229, p. 6; Doc. 229-5, Exhibit E).

This argument against awarding the fees listed in their Exhibit E relies upon too narrow an interpretation of the word "defend." In this context, to "defend" is "[t]o deny, contest, or oppose (an allegation or claim)," as well as "[t]o represent someone as an attorney." *Defend*, Black's Law Dictionary (11th Ed. 2019). Defending the claims in those three complaints encompasses more than responding to complaints and includes actions defense counsel took in between the filing of the plaintiffs' Second Amended Complaint and Third Amended Complaint. (Doc. 229-5, Exhibit E).

---

[3] Attorneys McGuire and Lirot request the court cut fees off prior to July 26, 2019, totaling $31,027.20. (Doc. 229-2, Exhibit B). However, because the operative Second Amended Complaint was not filed until August 7, 2019, the undersigned includes the $7,753.20 in fees defense counsel billed between July 26, 2019 and August 7, 2019. (Doc. 227-2, Exhibit 2, pp. 8–10).

8

### 3. Hours Billed After Fourth Amended Complaint was Dismissed

Attorneys McGuire and Lirot argue fees billed after Mr. Squitieri's Fourth Amended Complaint was dismissed were not included in the court's grant of sanctions. (Doc. 229, pp. 6–7; Doc. 229-7, Exhibit G). As detailed in defense counsel's exhibit, the fees billed after Mr. Squitieri's Fourth Amended Complaint were accumulated in pursuit of obtaining a sanction of attorney's fees in this matter. *See* (Doc. 227-4, Exhibit 4). "Such so-called 'fees for fees' are generally recoverable if they are reasonable." *Jarema v. United States*, No. 8:19-cv-197-SJB-CPT, 2021 WL 3511114, at *6 (M.D. Fla. June 7, 2021).

Defense counsel's nine-month effort obtaining sanctions in this matter included four substantive filings (Docs. 213, 225, 227, 232) and a two-hour hearing. These tasks do not warrant the $20,989.86 defense counsel billed after the Fourth Amended Complaint was dismissed. As mentioned previously, the undersigned recommends excluding the $1,044.00 defense counsel billed in drafting unnecessary spreadsheets as exhibits to the sanctions motion when the actual billing statements would have sufficed. The undersigned further recommends reducing the remaining post-judgment

hours and fees by 75%, to a more reasonable total of **$4,986.47**.[4] *See Jarema*, 2021 WL 3511114 at *6 (reducing an "excessive" fees for fees request by 75%).

### C. Hours Billed For Allegedly Unrelated Activities

In Exhibits C, F, and H, Attorneys McGuire and Lirot list what they claim are "Hours Billed for Unrelated Charges." (Doc. 229-3, Exhibit C; Doc. 229-6, Exhibit F; Doc. 229-8, Exhibit H). Attorneys McGuire and Lirot argue these hours were billed for work unrelated to responding to the Second Amended Complaint; for work unrelated to responding to the Third Amended Complaint; and for work unrelated to responding to the Fourth Amended Complaint. (Doc. 229, pp. 4–8). Attorneys McGuire and Lirot argue defense counsel requests fees "related to correspondence, Motions for additional time, preparation, research, drafting and finalizing Rule 11 Letter and Motion, and drafting of additional motions," all of which they assert are unrelated to defending against Mr. Squitieri's amended complaints. *See* (Doc. 229-3, Exhibit C; Doc. 229-6, Exhibit F; Doc. 229-8, Exhibit H). Attorneys McGuire and Lirot also argue, because "Plaintiffs' First, Second and Third Amended Complaints contained the same 'causes of action' and statutory bases," defense counsel's requested sanctions are "fundamentally unreasonable" and

---

[4] $20,989.96 (requested fees for fees) – $1,044 (fees billed for creating spreadsheets) = $19,945.86.

$19,945.86 * .25 = $4,986.47.

10

should be diminished in light of the allegedly duplicative work. (Doc. 229, pp. 7–8).

But defending against the amended complaints necessarily included the activities Attorneys McGuire and Lirot allege are "unrelated" to defending against the amended complaints. *See, e.g., Matthiesen v. Matthiesen*, No. 16-20360-CIV-JG, 2018 WL 1121538, at *7 (S.D. Fla. Mar. 1, 2018) (granting Rule 11 fees for defense counsel's time spent "(1) revising the proposed Rule 11 Motion; (2) preparing a client affidavit; and (3) drafting and filing the Motion to Dismiss" because plaintiff's counsel "continued to defend a frivolous Complaint after receiving notice of the violation").

Finally, as noted in the court's order granting the defendants' motion to dismiss, this matter involved nearly two and a half years of litigation over complex civil racketeering charges argued between (at various points) three to twenty plaintiffs and fifteen to forty-five defendants. (Doc. 209, p. 2). Thus, despite the fact that this case made "shockingly little advancement on the merits," Attorneys McGuire and Lirot have not established defense counsel's request for fees is so unreasonable as to warrant further reduction by this court. (*Id.*).

11

### D. Hours Billed For Allegedly Related and Unrelated Tasks in One Billing Block

Attorneys McGuire and Lirot argue some of defense counsel's spreadsheet entries "billed for multiple tasks within the same billing entry" and combined hours related and unrelated to defending against the amended complaints. (Doc. 229, pp. 5, 7; Doc. 229-4, Exhibit D; Doc. 229-9, Exhibit I). However, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Defense counsel in reply affirms the mixed entries in Attorneys McGuire and Lirot's Exhibits D and I "provide reasonable estimations for its allocation" of time spent defending against the amended complaints. (Doc. 232, p. 4).

Further, the hours defense counsel billed in these mixed entries beyond working on the sanctions motion were spent working on a motion to stay discovery, motions to dismiss, a reply memorandum, and correspondence related to these filings. (Doc. 229-4, Exhibit D; Doc. 229-9, Exhibit I). The undersigned concludes these activities also fall within the purview of work undertaken in defending against the amended complaints.

### E. Inability to Pay

Attorneys McGuire and Lirot "request the ability to provide additional evidence of 'financial ability' that would be presented to the Court in

mitigation of any award as massive as that currently requested by Defendants." (Doc. 229, p. 18). The undersigned provided Attorneys McGuire and Lirot the opportunity to provide financial affidavits in support of a claim of financial inability to pay defense counsel's requested fees. (Doc. 233). Neither Attorney McGuire nor Attorney Lirot submitted financial affidavits within the sixteen-day timeframe provided. On the contrary, Attorney Lirot stated "[b]ased on additional information recently provided, [Attorney Lirot] has determined there is no need to file a financial affidavit as allowed by the Court." The undersigned therefore recommends the court disregard Attorneys McGuire and Lirot's request that the court consider Attorney McGuire's and Attorney Lirot's financial ability to pay defense counsel's requested fees.

## III. CONCLUSION

It is **RECOMMENDED** that the defendants' Rule 7.01(c) motion for attorney's fees (Doc. 227) should be **GRANTED in part and DENIED in part**. Defendants should be awarded **$52,990.57** in fees: $29,370.10 against Attorney McGuire individually,[5] and $23,620.47 jointly and severally against Attorneys McGuire and Lirot.[6]

**ENTERED** in Tampa, Florida on November 4, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's

---

[5] $68,150.50 (total requested fees against Attorney McGuire individually) – $38,780.40 (requested fees against Attorney McGuire individually dated prior to August 7, 2019) = $29,370.10

[6] $12,543.90 (requested fees against Attorneys McGuire and Lirot jointly and severally pre-severance) + $6,090.10 (requested fees against Attorneys McGuire and Lirot jointly and severally post-severance before Judge Mizelle granted the defendants' motion to dismiss) + $4,986.47 (fees for fees) = $23,620.47.

14

15

right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.