UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER SQUITIERI,

    Plaintiff,

v.                                                                  Case No: 8:19-cv-906-KKM-AAS

CHRISTOPHER NOCCO et al.,

    Defendants.
_____

## ORDER

On April 18, 2022, I granted in part Defendants' motion for entitlement to attorney's fees in this matter and directed Defendants to file a supplemental motion under Local Rule 7.01(c) to determine the amount of attorney's fees. (Doc. 226.) I then referred the supplemental motion, (Doc. 227), to the Magistrate Judge for a Report and Recommendation, (Doc. 228). After reviewing the motion, Plaintiff's response, (Doc. 229), Defendants' reply, (Doc. 232), and all attachments, the Magistrate Judge recommends that I grant the motion in part, (Doc. 237). Defendants object to the Report and Recommendation, (Doc. 238) and Plaintiff responds to the objection, (Doc. 239).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report

and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

Defendants object on three grounds: (1) some of the fees incurred prior to August 7, 2019, should have been awarded; (2) the Magistrate Judge should not have excepted the fees incurred to prepare billing spreadsheets; and (3) Defendants' "fees for fees" should not have been reduced. Upon a de novo review, I agree with the Magistrate Judge's well-reasoned explanation on those points.

First, Defendants argue that the Magistrate Judge improperly excludes fees incurred in defending against the initial or First Amended Complaint because those complaints asserted the same *claims* that I found to be frivolous in the Second, Third, and Fourth Amended Complaints. (Doc. 238 at 3.) I agree with the Magistrate Judge's limitation because Defendants did not move for sanctions on the first two complaints. Defendants would have incurred these expenses to defend against those two complaints whether the

2

Second, Third, or Fourth Amended Complaints were filed and Rule 11(c)(4) limits sanctions to "expenses *directly* resulting from the violation."

Defendants also argue that even if expenses incurred prior to the Second Amended Complaint are properly excluded, the cutoff date should be July 29, 2019—not August 7, 2019—because Plaintiff first filed the Second Amended Complaint on that date. (Doc. 238 at 3–4.) But, as the Plaintiff notes, the first document was filed prematurely and stricken from the record and Plaintiffs were given leave to amend the complaint by August 9, 2019. (Doc. 239 at 2–3.) Simply because the two documents were substantively the same does not mean Defendants' anticipatory work on the pleading should be awarded. Plaintiffs could have made any number of changes between the two dates. Thus, I agree with the cutoff date recommended by the Magistrate Judge.

Second, Defendants argue that the fees incurred to create a spreadsheet of fees and expenses were improperly excluded. (Doc. 238 at 4–6.) Rule 11(c)(4) limits sanctions to "reasonable attorney's fees and other expenses," and $1,044.00 to create spreadsheets of billing instead of simply providing the actual billing statements was unreasonable. Therefore, I agree with the Magistrate Judge's recommendation to except the fees incurred to create a billing spreadsheet.

Finally, Defendants argue that the Magistrate Judge's recommended 75% reduction in award for fees incurred to recover attorney's fees is improper because this was a "nine-

3

month effort" and a "complex" case and the fees requested were not excessive. (Doc. 238 at 6–10.) I agree with the Magistrate Judge that the four substantive filings here and single hearing do not warrant $20,989.86. Thus, the reduction is appropriate.

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 237) is **ADOPTED** and made a part of this Order for all purposes.

2. Defendants' Rule 7.01(c) Motion (Doc. 227) is **GRANTED in part and DENIED in part**. Specifically, the Defendants should be awarded $52,990.57 in fees: $29,370.10 against Attorney McGuire individually and $23,620.47 jointly and severally against Attorneys McGuire and Lirot.

**ORDERED** in Tampa, Florida, on December 6, 2022.

Kathryn Kimball Mizelle
United States District Judge

4